UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and UNITED STATES FIDELITY AND GUARANTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> OMNI CONTRACTING COMPANY, INC. and HALEEM ZIHENNI, <br><br> Defendants. | Civil Action No. <br><br> ECF Case <br><br><br> **COMPLAINT** |

Plaintiffs, Travelers Casualty and Surety Company of America ("Travelers"), St. Paul Fire and Marine Insurance Company ("St. Paul"), and United States Fidelity and Guaranty Company ("USF&G") (collectively "Plaintiffs"), by way of their Complaint as against defendants, Omni Contracting Company, Inc. ("Omni") and Haleem Zihenni ("Zihenni") (collectively referred to as "Defendants" or "Indemnitors"), allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Travelers, at all times relevant to this action, is and was a corporation organized and existing under the laws of the State of Connecticut with its principal place of business situated at One Tower Square, Hartford, Connecticut.

2. Plaintiff, St. Paul, at all times relevant to this action, is and was a corporation organized and existing under the laws of the State of Minnesota. Its principal place of business is now situated at Hartford Connecticut.

3. Plaintiff, USF&G, at all times relevant to this action, is and was a corporation organized and existing under the laws of the State of Maryland. Its principal place of business situated at One Tower Square, Hartford, Connecticut.

4. Travelers, St. Paul and USF&G are now all affiliated companies ultimately owned by The Travelers Companies, Inc., a publicly held company.

5. Defendant Omni is, upon information and belief, incorporated in the State of New York and has a principal place of business situated at 675 Wilmot Road, Scarsdale, New York.

6. Defendant Zihenni, upon information and belief, maintains a primary residence at 31 Saxon Woods Road, Scarsdale, New York.

7. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and complete diversity of citizenship exists between the Plaintiff and the Defendants.

8. Venue lies in this district pursuant to 28 U.S.C. § 1391(a) because one or more Defendants are located here and this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. On or about December 27, 1999, as a condition precedent to the issuance by St. Paul and/or USF&G of surety bonds on behalf of Omni as bonded principal, the Defendants, inter alia, executed a General Agreement of Indemnity ("1999 GAI") in favor of St. Paul, the terms and conditions of which are incorporated herein by reference and a true and accurate copy of which is attached hereto as **Exhibit A**.

10. On or about November 12, 2004, as a condition precedent to the issuance by Travelers of surety bonds on behalf of Omni as bonded principal, the Defendants, inter alia, executed a General Agreement of Indemnity ("2004 GAI") in favor of Travelers, the terms and conditions of which are incorporated herein by reference and a true and accurate copy of which is attached hereto as **Exhibit B**.

11. In exchange for the Defendants' execution of the 1999 GAI and 2004 GAI

(collectively "GAI's") (as well as other consideration) and in reliance upon the terms, conditions, rights and remedies set forth at length in the GAI's, specifically including but not limited to reliance upon the Defendants' respective consent and agreement to the said terms, conditions, rights and remedies set forth therein, Travelers, St. Paul and/or USF&G issued a number of surety bonds naming Omni as "Principal" in connection with a number of construction projects (the "Bonds").

12. The Bonds were issued by Travelers, St. Paul and/or USF&G at the request of, inter alia, Indemnitors.

13. Upon information and belief, Omni entered into numerous public contracts on various projects throughout New York, including, but not limited to, the Studio Museum of Harlem Project, the Soho Library Project, the LIC Library Project, the Vesuvio Playground Project, the Locust Avenue Project, the Richmond Terrace Houses Project, the Morrisania Project, the Maine Park Project, and the McGuire Park Project ("Projects").

14. Pursuant to its contracts on the Projects, Omni was required and agreed to provide performance and payment bonds on the Projects.

15. At the request of Omni and Zihenni, St. Paul and/or USF&G issued surety bonds in connection with the Projects.

16. Upon information and belief, Omni's contracts on the Projects required Omni to furnish all labor, materials and supervision necessary to complete all work on the Projects.

17. Upon information and belief, Omni subcontracted portions of its work on the Projects to a number of subcontractors and suppliers.

18. Numerous payment and/or performance bond claims were made in connection with the Projects. Specifically, suit was filed against St. Paul and Omni entitled Option Metal & Glass Inc. v. Omni Contracting, et al., venued in the Supreme Court of the State of New York, Suffolk County, Index No. 11352/2005 ("Option Metals Lawsuit"). Plaintiffs sustained losses in

3

connection with the various claims and lawsuits, including, but not limited to, the Option Metals Lawsuit.

19. Further, Omni instituted several lawsuits to recover moneys owed it by the various public owners on the Projects ("affirmative claims"), including, but not limited to, the following:

a) An action filed against the New York City Department of Design and Construction as to the Studio Hall Museum of Harlem Project against the New York City Department of Design and Construction, venued in the Supreme Court of the State of New York, New York County, Index No.; 105634/2007;

b) An action filed against the New York City Department of Design and Construction and PMS Construction Mgmt. Corp., as to the Soho Library Project, venued in the Supreme Court of the State of New York, New York County, Index No. 603811/2008;

c) An action filed against the New York City Department of Design and Construction as to the LIC Library Project, venued in the Supreme Court of the State of New York, Queens County, Index No. 30640/2008;

d) An action filed against the New York City Department of Parks as to the Vesuvio Playground Project, venued in the Supreme Court of the State of New York, New York County, Index No. 603812/2008;

e) An action filed against the City of Rye & Calgi Construction Company, Inc., as to the Locust Avenue Firehouse Project, venued in the Supreme Court of the State of New York, Westchester County, Index No. 27656/2008;

f) An action filed against the New York City Housing Authority ("NYCHA") as to the Richmond Terrace Houses Project, venued in the Supreme Court of the State of New York, New York County, Index No. 601199/2009; and

g) An action filed against NYCHA as to the Morisania Houses Project, venued

in the Supreme Court of the State of New York, New York County, Index No. 601200/2009.

20. Upon information and belief, Omni recovered moneys as to the affirmative claims and Omni's other claims and lawsuits which were not paid to Plaintiffs.

21. On or about May 11, 2011, Omni, Travelers, and Zihenni entered into a Binding Agreement regarding payment of the settlement in the Option Metals Lawsuit whereby Travelers agreed to pay $500,000.00 of the settlement and Omni and Zihenni agreed to fully reimburse Travelers by April 30, 2012, a true and accurate copy of which is attached hereto as **Exhibit C.**

22. Omni, Travelers, and Zihenni entered into an assignment of its claims and contract funds, including, but not limited to, the affirmative claims, whereby Omni assigned its claims and right to any contract funds on any bonded projects, including, but not limited to, the Projects, to Travelers. A true and accurate copy of the assignment dated June 27, 2012, is attached hereto as **Exhibit D.**

23. Travelers paid the settlement in the Option Metals Lawsuit and entered into a Forbearance Agreement and two amendments thereto with Omni and Zihenni in regard to their obligation to reimburse Travelers pursuant to their agreement with Travelers as to the Option Metals Lawsuit. The Second Amendment to the Forbearance Agreement dated December 1, 2015, tolled the statute of limitations as to this lawsuit, and fixed the amount owed Travelers by Omni and Zihenni as to the Option Metals Lawsuit at $366,546.55. A true and accurate copy of the Second Amendment to the Forbearance Agreement is attached hereto as **Exhibit E.** Pursuant thereto, Travelers agreed to forebear from instituting legal action through December 31, 2016, which date has passed.

24. To date, Omni and Zihenni owe Plaintiffs over $350,000.00 in connection with the agreement between Omni, Travelers, and Zihenni regarding the Option Metals Lawsuit and the successive Forbearance Agreements, which Omni and Zihenni have not paid Travelers to date.

25. To the extent that Plaintiffs have incurred losses, costs, and expenses in connection with the Option Metals Lawsuit, other payment and/or performance bond claims and lawsuits, and collecting contract funds pursuant to the GAI and June 27, 2012 assignment, Plaintiffs are presently entitled to indemnification from the Defendants for those said losses, costs and expenses, including, but not limited to, any and all attorneys' and consulting fees and costs incurred.

### FIRST COUNT
### (Enforcement of General Agreement of Indemnity, Assignment, and Forbearance Agreement and Amendments)

26. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 25 above as if fully set forth at length herein.

27. As set forth above, Travelers has demanded that Omni and/or Zihenni indemnify it in connection with its losses.

28. The 1999 GAI explicitly provides that the Indemnitors

> 6. . . . will indemnify [St. Paul] and hold it harmless from and against all liability, costs, damages, attorneys' fees, disbursements and expenses of every nature which [St. Paul] may sustain or incur by reason of, or relating to having executed or procured the execution of any such BOND, or that may be sustained or incurred by reason of making any investigation of any matter, or by prosecuting or defending any action in connection with any such BOND, or recovering any salvage or enforcing any provision of this Agreement. . .
>
> 10. All payments received for or on account of a BONDED CONTRACT shall be held as a trust fund in which [St. Paul] has an interest, for the payment of obligations incurred in the performance of such contract and for labor, materials, and services furnished in the prosecution of the work provided for in such contract or any extension or modification thereof. . .
>
> 12. (A) In the event (i) the CONTRACTOR shall breach, or default in or delay the performance of any BONDED CONTRACT; (ii) the CONTRACTOR shall fail promptly to discharge all obligations which might be retainable under any BOND executed in connection therewith or which might give rise to a lien or charge upon any unpaid contract balance or the property of an Obligee named in any bond; or (iii) any breach of the terms of this Agreement (hereinafter collectively referred to as "EVENT OF DEFAULT") shall occur, the UNDERSIGNED, and each of them, hereby assign and set over unto [St. Paul], as of the date hereof, their right,

> title, and interest to: (a) All of the deferred payments and retained percentages, and all moneys and properties that may be, and that thereafter become, payable to the CONTRACTOR on account of, and all claims and actions and causes of action relating to, such contract, or an account of or relating to extra work or materials supplied in connection therewith, as well as all other moneys and properties of the CONTRACTOR, hereby agreeing that such money and the proceeds of such payments, properties, claims, actions and causes of action shall be the sole property of [St. Paul]. . . .

See Exhibit A.

29. The 2004 GAI explicitly provides that the Indemnitors

> **2.** . . . shall exonerate, indemnify and save [Travelers] harmless from and against all Loss. . .
>
> **6. Remedies:** In the event of a Default, Indemnitors assign, convey and transfer to the Company [Travelers] all of their rights, title and interests in Property, and the Company shall have a right in its sole discretion to: (a) take possession of the work under any Contract and to complete said Contract, or cause, or consent to, the completion thereof; (b) immediately take possession of Indemnitors' Property, and utilize the Property for the completion of the work under the Contracts without payment for such use; (c) assert or prosecute any right or claim in the name of any Indemnitor and to settle any such right or claim as the Company sees fit; (d) execute in the name of any Indemnitor, any instruments deemed necessary or desirable by Company to: (i) provide Company with title to assets, (ii) take immediate possession of Contract funds whether earned or unearned, (iii) collect such sums as may be due Indemnitors and to endorse in the name of Indemnitors, and (iv) collect on any negotiable instruments; (e) require any Obligee to withhold payment of Contract funds unless and until Company consents to its release; and/or (f) be subrogated to all the rights, remedies, properties, funds, securities and receivables relating to Indemnitors' Contracts or contracts. . . . Further, in the event of Default and upon demand Indemnitors shall direct that all payments, monies, and properties that are due or may be due on any Contract or contract be made payable to, and/or sent directly to, Company. . .
>
> **9. Trust Fund:** All payments due or received for or on account of any Contract, whether or not in the possession of any Indemnitor, shall be held in trust as trust funds by Indemnitors for the benefit and payment of all obligations for which the Company as beneficiary may be liable under any Bond. . . .

See Exhibit B.

30. The terms and conditions of the GAI's impose obligations upon the Defendants to

make payment to Travelers and/or St. Paul for all losses, costs, and/or expenses which have been or will be incurred by Travelers and/or St. Paul, in satisfying bond claims in connection with bonds issued by Travelers and/or St. Paul on behalf of Omni, together with all fees, costs and expenses incurred, including, but not limited to, those in connection with this suit, and assign to Travelers and/or St. Paul Omni's rights in any contract funds.

      31. The June 27, 2012 Assignment between Travelers and Defendants states:

> 1. The Assignors [Defendants] do immediately hereby assign all of Assignors' rights and interests in and to any and all claims, causes of action, choses of action, accounts, demands and positions, whether arising as a matter of contract or quasi-contract, of whatsoever kind or nature, that Assignors had or have. . .
>
> To further effectuate the purposes of this Assignment, Assignors do hereby appoint the Assignee [Travelers ], its successors and assigns, their lawful attorney-in-fact irrevocable, with the full power of substitution and revocation, for the Assignors and in the name of the Assignors or otherwise, to ask for, collect, demand, and receive, to prosecute and sue for by proceedings or otherwise in a court of law or equity . . .

See Exhibit D.

      32. On or about May 11, 2011, Omni, Travelers, and Zihenni entered into a Binding Agreement regarding payment of the settlement in the Option Metals Lawsuit whereby Travelers agreed to pay $500,000.00 of the settlement and Omni and Zihenni agreed to fully reimburse Travelers by April 30, 2012. See Exhibit C.

      33. Pursuant to the Second Amendment to Forbearance Agreement, Omni and Zihenni owe Travelers over $350,000.00 in connection with the Option Metals Lawsuit which remains due and owing. See Exhibit E.

      34. Plaintiffs have sustained further losses in connection with the bonds issued to Omni and the Option Metals Lawsuit, including, but not limited to, its attorneys' and consulting fees and costs.

      35. Upon information and belief, Omni recovered moneys as to the affirmative claims

and Omni's other claims and lawsuits that were assigned but not paid to Travelers pursuant to the GAIs and June 27, 2012 Assignment.

36. Plaintiffs seeks indemnification from Defendants pursuant to the GAI, the May 11, 2011 agreement regarding the Option Metals Lawsuit, the June 27, 2012 Assignment and Forbearance Agreement and subsequent amendments.

**WHEREFORE**, Plaintiffs, Travelers Casualty and Surety Company of America, St. Paul Fire and Marine Insurance Company, and United States Fidelity and Guaranty Company, request judgment against Defendants for specific performance of the GAI as follows:

A. Specific performance of and/or contractual indemnification pursuant to the above referenced provisions of the (1) GAI's, (2) the May 11, 2011 Binding Agreement, (3) the Forbearance Agreement and subsequent amendments and (4) the June 27, 2012 Assignment specifically including indemnification from Omni and Zihenni with respect to all losses, costs and expenses incurred by Plaintiffs and of any contract funds in Defendants' possession;

B. Attorneys' and consulting fees and costs;

C. Interest; and

D. Such other relief as this Court deems just and proper.

### SECOND COUNT
**(Common Law Indemnification)**

37. Plaintiffs repeat and re-allege all of the allegations contained in paragraphs 1 through 36 as if set forth herein in their entirety.

38. Pursuant to the common law, Omni is obligated to indemnify Plaintiffs for any loss and/or anticipated loss and to indemnify it for any losses sustained in connection with bonds issued on its behalf.

39. Plaintiffs have been sued and/or received claims as a result of its issuance of bonds on behalf of Omni and anticipates additional claims and losses.

40. Pursuant to the common law, Plaintiffs are subrogated to Omni's right to any and

all contract funds on any projects Plaintiffs issued bonds to Omni, including, but not limited to, the Projects.

41. Omni is obligated to indemnify Plaintiffs pursuant to the common law.

**WHEREFORE**, Plaintiffs request judgment against Defendants for:

A. Indemnification;

B. Attorneys' and consulting fees and costs;

C. Interest; and

D. Such other relief as this Court deems just and proper.

### THIRD COUNT
### (Trust fund violations)

42. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 41 as if set forth herein in their entirety.

43. Omni worked on numerous public projects in New York in connection with which St. Paul and/or USF&G issued bonds on its behalf, including, but not limited to, the Projects.

44. Pursuant to New York law, the contract funds paid to Plaintiffs in connection with the public projects are trust funds.

45. Furthermore, the GAI's provide that contract funds paid to Plaintiffs in connection with the public projects are trust funds for the benefit of Plaintiffs.

46. Upon information and belief, Omni received trust funds which it did not pay to the appropriate subcontractors and/or suppliers in violation of New York law and the above quoted provisions of the GAI's.

47. As a result, Defendant, Omni, is liable for trust fund violations.

48. Defendant Zihenni was the President of Defendant Omni during all relevant time periods and also had control over the funds paid out by Omni.

49. Defendant Zihenni is therefore personally liable for all such trust fund violations.

**WHEREFORE,** Plaintiffs request judgment against Defendants for:

(A)  The amount of all trust fund violations;

(B)  Attorneys' and consulting fees and costs;

(C)  Interest;

(D)  Court costs; and

(E)  Such other relief as this Court deems proper.

Dated: Florham Park, New Jersey
February 8, 2019

Respectfully submitted,

_s/ JoAnne M. Bonacci_
JoAnne M. Bonacci
DREIFUSS BONACCI & PARKER, PC
Five Penn Plaza, 23rd Floor
New York, New York 10001
   *and*
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey 07932
Tel. No. (973)514-1414
*Please respond to New Jersey office.*