UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and UNITED STATES FIDELITY AND GUARANTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> OMNI CONTRACTING COMPANY, INC. and HALEEM ZIHENNI, <br><br> Defendants. | Civil Action No. 7:19-cv-01253 <br><br> ECF Case |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE AND TO EXTEND TIME FOR SERVICE

Of Counsel: JoAnne M. Bonacci, Esq.

On the Brief:  JoAnne M. Bonacci, Esq.

Paul M. McCormick, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ....................................... 1

LEGAL ARGUMENT............................................................................................... 3

    POINT I.............................................................................................................. 3

    PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE UPON ZIHENNI
    SHOULD BE GRANTED ..................................................................................... 3

    POINT II ........................................................................................................... 7

    IF NECESSARY, THIS COURT SHOULD EXTEND THE TIME FOR SERVICE UPON
    ZIHENNI TO ALLOW SUBSTITUTED SERVICE TO OCCUR. .......................... 7

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

53rd & 7th Corp. v. Rossi, 85 Misc.2d 916 (Civ. Ct. 1975) ............................................................ 5

Argentina v. Emery World Wide Delivery Corp., 167 F.R.D. 359 (E.D.N.Y. 1996) ................... 9

Arroyo v. Arroyo, 76 Misc.2d 652 (Sup. Ct. Kings Cty. 1974) ................................................... 6

Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55 (E.D.N.Y. 2006); .................................................. 8

Dietrich v. Bauer, 76 F.Supp.2d 312 (S.D.N.Y. 1999) ................................................................ 8

Dobkin v. Chapman, 21 N.Y.2d 490 (1968) .............................................................................. 5, 6

Esposito v. City of New York, 2014 WL 12776119 (E.D.N.Y. Apr. 1, 2014).............................. 9

Esposito v. Ruggerio, 193 A.D.2d 713 (2d Dept. 1993)................................................................ 5

Gibson v. Salvatore, 102 A.D.2d 861 (2d Dept. 1984)................................................................. 6

Grammenos v. Lemos, 457 F.2d 1067 (2d Cir.1972) .................................................................... 9

Henderson v. United States, 517 U.S. 654 (1996) ........................................................................ 8

Home Fed. Sav. Bank v. Versace, 252 A.D.2d 480 (2d Dept. 1998) ............................................ 5

In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.,
    162 F.Supp.3d 247 (S.D.N.Y. 2016)....................................................................................... 8

Jaiyeola v. Carrier Corp., 242 F.R.D. 190 (N.D.N.Y. 2007) ....................................................... 8

Jones v. Westchester Cty., 182 F.Supp.3d 134 (S.D.N.Y. 2016) .................................................. 8

Lerman v. Church, 54 Misc.2d 402 (Sup. Ct. Spec. Term N.Y. Cty. 1967)................................. 5

Liebeskind v. Liebeskind, 86 A.D.2d 207 (1st Dept. 1982),
    aff'd, 58 N.Y.2d 858 (1983) .................................................................................................... 4

London v. Parsons, 56 Misc. 2d 888 (Dist. Ct. Nassau Cty. 1968) .............................................. 5

Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106 (S.D.N.Y. 2010) ..... 7

N.Z. v. A.G., 40 Misc.3d 696 (Fam. Ct. Onodaga Cty. 2013)...................................................... 6

Osserman v. Osserman, 92 A.D.2d 932 (2d Dept. 1983) .............................................................. 6

Romandette v. Weetabix Co., 807 F.2d 309 (2d Cir.1986) ......................................... 9

Romandette v. Weetabix Co., 807 F.2d 309 (2d Cir. 1986) ....................................... 9

Salesi v. Nieves, 93 A.D.2d 858 (2d Dept. 1983) ...................................................... 5

Saulo v. Noumi, 119 A.D.2d 657 (2d Dept. 1986) .................................................... 5

Schnall v. Annuity & Life RE Holdings, Ltd., 2003 WL 23100326 (D. Conn. Dec. 13, 2003) .... 9

Shider v. Commc'ns Workers of Am., 1999 WL 673345 (S.D.N.Y. Aug. 30, 1999) ................... 8

Snyder v. Alternate Energy Inc., 19 Misc.3d 954 (Civ. Ct. N.Y. Cty. 2008) ................................. 6

State St. Bank & Tr. Co. v. Coakley, 16 A.D.3d 403 (2d Dept. 2005)........................................... 5

Sybron Corp. v. Wetzel, 61 A.D.2d 697 (4th Dept. 1978) ............................................ 6

W. Supreme Buddha Ass'n, Inc. v. Oasis World Peace & Health Found.,
    2011 WL 856378 (N.D.N.Y. Mar. 9, 2011)........................................................... 7

**Rules**

C.P.L.R. §308.......................................................................................... 3, 4, 5, 7,

Fed.R.Civ.P. 26 ........................................................................................ 10

Fed.R.Civ.P. 4(e) ...................................................................................... 3

Fed.R.Civ.P. 4(m)). ................................................................................. 8, 9

## PRELIMINARY STATEMENT

Plaintiffs, Travelers Casualty and Surety Company of America, St. Paul Fire and Marine Insurance Company, and United States Fidelity and Guaranty Company ("Plaintiffs" or "Travelers") submit the within brief in support of its motion for substituted service of the summons and complaint upon defendant, Haleem Zihenni ("Zihenni"). Plaintiffs have served the summons and complaint upon Omni. Zihenni is President of Omni. Plaintiffs have attempted service on multiple occasions upon Zihenni at his house at 31 Saxon Woods Road, Scarsdale, New York, but that property is presently under construction and vacant, and hence, neither Zihenni nor anyone else is living at that address. This office then requested a postal forwarding search, but the post office had no forwarding address, nor does Zihenni have an agent for service of process. As Zihenni, nor anyone else, is living in his home, and there is no forwarding address, it is respectfully submitted that Travelers' motion for substituted service be granted, and that 1) personal service of the summons and complaint upon Zihenni's wife, 2) service of the summons and complaint by regular mail upon Haleem Zihenni at 31 Saxon Woods Road, Scarsdale, New York, and 3) e-mail service of the summons and complaint upon Haleem Zihenni be deemed valid service. Moreover, if necessary, Travelers respectfully submits that the time for service be extended to allow said substituted service to be effectuated.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

This matter concerns claims relating to certain surety bonds issued by Plaintiffs to Defendant, Omni Contracting Company, Inc. ("Omni") on various public contracts throughout New York. See Declaration of JoAnne M. Bonacci ("Bonacci Dec."), ¶2. As a condition

precedent for the issuance of said bonds, Omni and Zihenni (collectively "Defendants") executed General Agreements of Indemnity whereby they promised to, inter alia, indemnify Plaintiffs for any and all losses sustained on the bonds. Bonacci Dec., ¶2. On February 8, 2019, Plaintiffs filed the complaint in this matter. Bonacci Dec., ¶3. The complaint asserted causes of action for, inter alia, indemnification and trust fund violations. Bonacci Dec., ¶3. The summons and complaint were served on Omni via the New York Secretary of State on March 27, 2019. Bonacci Dec., ¶4.

As for service of the summons and complaint upon Zihenni, Plaintiffs first caused service of the summons and complaint to be made upon Zihenni at 31 Saxon Woods Road, Scarsdale, New York, Zihenni's last known address. Bonacci Dec., ¶5; Declaration of Dominic DellaPorte ("DellaPorte Dec."), ¶2. The process server reported that, because the property was vacant under construction, and Mr. Zihenni was not present, service could not be effectuated. DellaPorte Dec., ¶2. Plaintiffs then twice unsuccessfully attempted service upon Zihenni at 675 Wilmot Road, Scarsdale, New York, another address for Zihenni as stated in the indemnity agreements and an address for Omni. Bonacci Dec., ¶6; DellaPorte Dec., ¶¶3-4. On the second attempt, Denise Zihenni greeted the process server and indicated that she and Zihenni had been married, were separated, were not presently living together, that Zihenni did not reside at 675 Wilmot Road, Scarsdale, New York, and that 31 Saxon Woods Road, Scarsdale, New York, was his address. DellaPorte Dec., ¶4. The house was a residence, not a storefront, and was not being held out as a place of business for Omni. DellaPorte Dec., ¶4. The process server then returned to the 31 Saxon Woods Road, Scarsdale, New York that same date and again found the property vacant and under construction. DellaPorte Dec., ¶4. According to the process server, due to the

2

construction, Zihenni was not residing at 31 Saxon Woods Road, Scarsdale, New York. DellaPorte Dec., ¶4. Plaintiffs then unsuccessfully attempted service upon Zihenni at 3 Alan B. Shepard Jr. Place, Yonkers, New York, the address for Omni in the indemnity agreements and pursuant to this office's research. Bonacci Dec., ¶7; DellaPorte Dec., ¶5. The process server was told Zihenni is no longer at this address. DellaPorte Dec., ¶5.

Given the process server had informed this office that 31 Saxon Woods Road was Zihenni's address, and that he was not residing there, this office requested a postal forwarding search on 31 Saxon Woods Road, Scarsdale, New York. (DellaPorte Dec., ¶4; Bonacci Dec., ¶8; Declaration of Maria Neglio ("Neglio Dec."), ¶2) On April 18, 2019, this office was informed by the post office that there was no forwarding address for 31 Saxon Woods Road, Scarsdale, New York. (Bonacci Dec., ¶8; Neglio Dec., ¶3) This motion ensued.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE UPON ZIHENNI SHOULD BE GRANTED

Fed.R.Civ.P. 4(e) states in pertinent part, "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ." C.P.L.R. §308 generally provides the permissible methods of service on an individual, stating in pertinent part:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual . . . dwelling place or usual place of abode of the person to

3

be served and by . . . mailing the summons to the person to be served . . . in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated . . .

4. where service under paragraphs one and two cannot be made . . . by affixing the summons to the door of either the . . . dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served . . . in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

5. <u>in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.</u> (emphasis added)

Service of process is "impracticable" where other methods of service would be futile, and does not require any prior attempts at service or due diligence. <u>Liebeskind v. Liebeskind</u>, 86 <u>A.D.2d</u> 207, 210 (1st Dept. 1982), <u>aff'd</u>, 58 <u>N.Y.2d</u> 858 (1983) (<u>C.P.L.R.</u> §308(5) "requires no . . . prior attempts. All that need be shown is that other means of service are impracticable. . . . Nor was the plaintiff required to demonstrate due diligence. . . . The only limitation contained in

[C.P.L.R. §308(5)] is the requirement of impracticability of the other forms of service"); State St. Bank & Tr. Co. v. Coakley, 16 A.D.3d 403 (2d Dept. 2005) ("Although the impracticability standard 'is not capable of easy definition' . . . it does not require the applicant to satisfy the more stringent standard of 'due diligence' . . . or to make a showing that 'actual prior attempts to serve a party under each and every method provided in the statute have been undertaken' "); Home Fed. Sav. Bank v. Versace, 252 A.D.2d 480, 480 (2d Dept. 1998) (same); Salesi v. Nieves, 93 A.D.2d 858, 858 (2d Dept. 1983) ("There was no need for a showing of prior attempts at service upon that defendant, nor was 'due diligence' on the part of the plaintiff required"); 53rd & 7th Corp. v. Rossi, 85 Misc.2d 916, 917 (Civ. Ct. 1975) (granting substituted service, stating, "C.P.L.R. §308(5) is intended for use in unpredictable circumstances where a more flexible or appropriate manner of service is required than those outlined in the statute"). Service is futile where the defendant's place of residence cannot be ascertained and/or there is no forwarding address. See generally London v. Parsons, 56 Misc. 2d 888 (Dist. Ct. Nassau Cty. 1968); Lerman v. Church, 54 Misc.2d 402, 402–403 (Sup. Ct. Spec. Term N.Y. Cty. 1967) ("[E]fforts at personal service being informed on a last known address were futile, the process server being informed on a last visit that he had moved, leaving no forwarding address"); Dobkin v. Chapman, 21 N.Y.2d 490, 496-497 (1968) (substituted service granted where defendant left no forwarding address); Saulo v. Noumi, 119 A.D.2d 657 (2d Dept. 1986) (same); Esposito v. Ruggerio, 193 A.D.2d 713, 713 (2d Dept. 1993) (granting substituted service, stating, "The plaintiffs' submissions demonstrated that Catherine Ruggerio had moved from the address set forth on the accident report, that she had left no forwarding address with the postal authorities, and that service upon her pursuant to C.P.L.R. §308(1), (2) or (4) would be

impracticable in this case"); see generally Gibson v. Salvatore, 102 A.D.2d 861 (2d Dept. 1984) (substituted service allowed where defendant could not be located). Service upon a defendant's relatives has been deemed a valid method of substituted service. Osserman v. Osserman, 92 A.D.2d 932, 934 (2d Dept. 1983) (service on defendant's uncle valid method of substituted service); Sybron Corp. v. Wetzel, 61 A.D.2d 697, 700 (4th Dept. 1978) (personal service on defendant's son and mail service to defendant's former address deemed valid substituted service). Service by mail and e-mail have also been deemed valid methods of substituted service. Dobkin v. Chapman, 21 N.Y.2d 490 (1968) (deeming mail service valid); Salesi v. Nieves, 93 A.D.2d 858, 858 (2d Dept. 1983) (same); Arroyo v. Arroyo, 76 Misc.2d 652, 655 (Sup. Ct. Kings Cty. 1974) (same); Snyder v. Alternate Energy Inc., 19 Misc.3d 954, 962 (Civ. Ct. N.Y. Cty. 2008) (deeming e-mail service valid); N.Z. v. A.G., 40 Misc.3d 696, 697 (Fam. Ct. Onodaga Cty. 2013) (same)

In the instant case, as all the other permissible methods of service were futile, and hence, impracticable, it is respectfully submitted that substituted service be permitted 1) upon Zihenni's wife, Denise Zihenni; 2) by regular mail to Haleem Zihenni at 31 Saxon Woods Road, Scarsdale, New York; and 3) by e-mail to Haleem Zihenni at his last used e-mail address. As 31 Saxon Woods Road, Scarsdale, New York, was the last known address for Zihenni, and Zihenni has title to the property, the process server first attempted to serve Zihenni at that address. When he arrived, the property was vacant and under construction. He then twice attempted to serve Zihenni at 675 Wilmot Road, Scarsdale, New York, an address in the indemnity agreements for Zihenni and, and per our research, an address for Omni. On the second attempt, Denise Zihenni greeted the process server at the door of the residence, said that she and Zihenni were separated

and not presently living together, and that Zihenni's address was 31 Saxon Woods Road, Scarsdale, New York. The 675 Wilmot Road address was a residence and was not being held out as a place of business for Omni. When the process server returned to the 31 Saxon Woods Road address the same day, he again found it vacant and under construction. Presumably, Zihenni is living somewhere else during the construction. This office then requested a postal forwarding search, but the post office had no forwarding address. There is also no agent for service of process upon Zihenni. Bonacci Dec., ¶9. As service cannot be effectuated upon Zihenni either personally pursuant to C.P.L.R. §308(1) or pursuant to C.P.L.R. §308(2) or C.P.L.R. §308(4), as, due to the ongoing construction, no one is presently residing at the residence and Zihenni is not living there, and there is no forwarding address, and, as per C.P.L.R. §308(3), service cannot be effectuated as Zihenni has no registered agent for service of process, it is respectfully submitted that Plaintiffs' motion for substituted service be granted.

## POINT II

### IF NECESSARY, THIS COURT SHOULD EXTEND THE TIME FOR SERVICE UPON ZIHENNI TO ALLOW SUBSTITUTED SERVICE TO OCCUR.

Fed.R.Civ.P. 4(m) states that service of process is to be made with 90 days after the complaint is filed, "[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Good cause is determined by "consider[ing] whether the (1) plaintiff made reasonable efforts to serve the defendant and (2) defendant was prejudiced by the delay in service." W. Supreme Buddha Ass'n, Inc. v. Oasis World Peace & Health Found., 2011 WL 856378, at *2 (N.D.N.Y. Mar. 9, 2011) (citing Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106 (S.D.N.Y. 2010)) (good cause for extension

of time to serve process granted where "multiple attempts by plaintiffs' process server to both personally deliver and leave and send copies of the summons to Zou's prior address have failed, the house has since been put up for sale, and the post office has indicated that no forwarding address has been left"); Shider v. Commc'ns Workers of Am., 1999 WL 673345, at *2 (S.D.N.Y. Aug. 30, 1999) (Sotomayor, J.) (finding good cause to extend time for service); Jaiyeola v. Carrier Corp., 242 F.R.D. 190, 192 (N.D.N.Y. 2007) (noting reasonableness and lack of prejudice as grounds for granting extension of time for service, stating, "As the Second Circuit clearly noted, a plaintiff is not required to have 'done everything in his power to effect personal service' to excuse his failure to meet service deadlines") (other citations omitted); Dietrich v. Bauer, 76 F.Supp.2d 312, 327 (S.D.N.Y. 1999).   Moreover, the 1993 Advisory Committee Notes on Fed.R.Civ.P. 4(m) indicate that an extension of time to serve the summons and complaint may be granted even in the absence of good cause. See Henderson v. United States, 517 U.S. 654, 662–63 (1996) (quoting with approval Advisory Committee Notes on Fed.R.Civ.P. 4(m)). "The factors to be considered in deciding whether to grant this relief are: '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55, 58 (E.D.N.Y. 2006); Jones v. Westchester Cty., 182 F.Supp.3d 134, 145 (S.D.N.Y. 2016) (extending time where lack of good cause based upon the second and fourth factors); In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 162 F.Supp.3d 247, 249 (S.D.N.Y. 2016). Actual notice of the lawsuit dictates extending time for service, even

in the absence of good cause.  Argentina v. Emery World Wide Delivery Corp., 167 F.R.D. 359,

363 (E.D.N.Y. 1996) ("Second Circuit has construed 'good cause' under Rule 4 liberally in

order 'to further the purpose of finding personal jurisdiction in cases in which the party has

received actual notice'") (citing Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir.1986);

and Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir.1972)).  Judicial efficiency may be

considered in whether to extend the time for service.  Esposito v. City of New York, 2014 WL

12776119, at *4 (E.D.N.Y. Apr. 1, 2014) ("It is more efficient for the Court to consider all of

Plaintiff's claims in the present action with which it is familiar rather than having Plaintiff file a

different case in which discovery would need to be coordinated with discovery in this case").

Where evidence will not be lost or discovery compromised due to a delay in service, there is no

prejudice, and an extension of time for service should be liberally granted.  Romandette v.

Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986); Schnall v. Annuity & Life RE Holdings, Ltd.,

2003 WL 23100326, at *3 (D. Conn. Dec. 13, 2003) (extending time for service where discovery

had yet to begin).

　　　In the instant case, Omni has been served with the summons and complaint.  The

deadline for service of the summons and complaint upon Zihenni is June 6, 2019, as extended by

the Court.  See ECF Docket No. 11.  Although that date has not passed as of the date of the filing

of this motion, it may pass by the time the motion for substituted service is decided and/or

substituted service can be effectuated.  It is respectfully submitted that, if necessary, pursuant to

Fed.R.Civ.P. 4(m), the time for service on Zihenni should be extended to allow substituted

service to be effectuated, as Travelers has demonstrated good cause to extend the time.  As stated

in Point I, supra, where, as here, Zihenni's house is under construction and no one is living there,

9

and there is no forwarding address, Travelers' attempts to serve Zihenni were reasonable. However, even if this Court does not find good cause, it is respectfully submitted that an extension of time to serve Zihenni to allow substituted service to be effectuated should be granted absent good cause where, as here, 1) Omni was served; 2) Zihenni, as President of Omni, presumably knows the complaint, in which he was named a defendant, was served on Omni; 3) judicial efficiency would not be served by having the identical claims against Zihenni proceed in a different action than this action, leading to possible inconsistent results and determinations; 4) not only has discovery in this matter not begun, but a <u>Fed.R.Civ.P.</u> 26 conference has yet to be scheduled, much less conducted; 5) Travelers filed for an extension of time to serve Zihenni prior to the expiration of that time; 6) the extension of time needed, if any, to effectuate substituted service will be very short; and 7) there is no risk of evidence being lost in that time (which, as to the losses sustained by Travelers for which it seeks indemnification, is in Travelers' possession). Therefore, as Zihenni has actual knowledge of this action, and will not be prejudiced by an extension of time, it is respectfully submitted that, if necessary, this Court should extend the time for service upon Zihenni to effectuate substituted service upon him.

<u>CONCLUSION</u>

For all the foregoing reasons, it is respectfully submitted that Travelers' motion for substituted service be granted, and that 1) personal service of the summons and complaint upon Denise Zihenni at 675 Wilmot Road, Scarsdale, New York, 2) service of the summons and complaint by regular mail upon Haleem Zihenni at 31 Saxon Woods Road, Scarsdale, New York, and 3) e-mail service of the summons and complaint upon Haleem Zihenni be deemed

10

valid service.  Moreover, if necessary, Travelers respectfully submits that the time for service be extended to allow said substituted service to be effectuated.


Dated:  May 9, 2019                                s/JoAnne  M. Bonacci_____
                                                   JOANNE M. BONACCI

11