UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY & SURETY COMPANY
OF AMERICA, *et al.*,

            Plaintiffs,

-against-

OMNI CONTRACTING COMPANY, INC., *et al.*,

           Defendants.

6/5/19

No. 19-cv-1253 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiffs bring this action against Defendants for a breach of contract claim. The matter is before this Court on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs move for permission to serve Defendant Haleem Zihenni by substituted service pursuant to Federal Rules of Civil Procedure Rule 4(e) and New York Civil Practice Law Rules § 308. For the reasons stated below, the motion is GRANTED.

    The federal rules authorize service "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. Rule 4(e). "In New York, service may be effectuated by (1) personal service; (2) delivery to 'a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served' and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called 'nail and mail' service." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016) (quoting N.Y.C.P.L.R. §§ 308(1) – (4)).

1

Where such service is "impracticable," however, service may be completed "in such manner as the court, upon motion without notice, directs." N.Y.C.P.L.R. § 308(5); *see State Street Bank & Trust Co. v. Coakley*, 790 N.Y.S.2d 412, 413 (N.Y. App. Div. 2d Dep't 2005). Impracticability depends on the facts and circumstances of each case and does not require proof of due diligence or actual prior attempts to serve a party through traditional methods. *TAGC Mgmt., LLC v. Lehman*, 842 F. Supp. 2d 575, 585 (S.D.N.Y. 2012).

Here, Plaintiffs showed that service through the methods outlined in §§ 308(1) – (4) was impracticable. They had attempted to serve Defendant Zihenni at his last known address, 31 Saxon Woods Road, Scarsdale, New York ("31 Saxon Woods Road"), but the discovered that the property was vacant and under construction. They twice attempted to serve Defendant Zihenni at another address which was listed as both an address for Defendant Zihenni and for Defendant Omni in an indemnity agreement. On the second attempt at that address, Denise Zihenni answered the door and informed the process server that she was Defendant Zihenni's wife, but they were separated and that they were not living together. She also confirmed that the 31 Saxon Woods Road address was Defendant Zihenni's address. The process server returned to 31 Saxon Woods Road but found the property to continue to be vacant and under construction. Plaintiffs confirmed with the United States Post Office that there is no forwarding address for 31 Saxon Woods Road. Based on these circumstances, the Court finds that service under the traditional methods is impracticable. *See Nnebe v. Colon*, No. 01-CV-5247(KMW)(KNF), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (holding that the plaintiff showed that service by traditional methods was impracticable by establishing that process servers were sent to several addresses and that the plaintiff inquired with the United States Postal Service); *Solomon v. Horie Karate Dojo*, 724 N.Y.S.2d 648, 648-49 (N.Y. App. Div. 2d Dep't 2001) (affirming an order

allowing substituted service where a defendant had left the United States without leaving a forwarding address).

Therefore, Plaintiffs' motion for substituted service is granted. Additionally, as the service deadline is currently June 6, 2019 and Plaintiffs have shown good cause for their failure to serve Defendant Zihenni, Plaintiffs are granted until July 8, 2019 to complete service.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for substituted service and for an extension of time to complete service is GRANTED. Plaintiffs are ordered to attempt service of process of the summons and the complaint by each of the following methods: (1) by personal service on Defendant Zihenni's wife; (2) service by regular mail upon Defendant Zihenni at 31 Saxon Woods Road; (3) email service upon Defendant Zihenni.[1] Going forward until otherwise notified by the Court, Plaintiffs may serve all papers on Defendant Zihenni using each of the above methods.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 12.

Dated: June 5, 2019  
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge

---

[1] Courts have found service by email to be an appropriate method of substituted service. *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 367 (E.D.N.Y. 2016).